### ALF SMITH *v.* THE STATE.

1. CHARGE OF THE COURT. — If the law applicable to every legitimate deduction which the jury may draw from the evidence be given to the jury, the charge is sufficient, and the duty of the court discharged in this respect.

2. FACT CASE. — See evidence held sufficient to support a conviction for murder in the first degree.

3. PENALTY. — Within the limits prescribed by law, the amount of the punishment is for the consideration of the jury, and not for that of the court.

APPEAL from the District Court of Robertson. Tried below before the Hon. S. FORD.

The deceased was named Matt Wilson, and was killed by the appellant on April 15, 1870, shortly after the Constitution of 1869 took effect, and empowered juries to substitute confinement in the penitentiary at hard labor for life, in lieu of the death-penalty.

The testimony was unusually brief, consistent, and conclusive, as will be seen from the recapitulation of it in the opinion.

*F. H. Prendergast,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.  The appellant was indicted at the May term, 1878, of the District Court of Robertson County, for the murder of Matt Wilson, alleged to have been committed on April 15, 1870; and on a trial in the same court on June 10, 1879, was convicted of murder in the first degree, and his punishment assessed at confinement in the State penitentiary for the term of his natural life.  A motion for a new trial was made and overruled, and this appeal is prosecuted, on the following assignment of errors:
1. The court erred in not charging the law of manslaughter.
2. The court erred in not granting a new trial: *first*, because the verdict of the jury is for murder in the first degree, when there was no evidence of express malice; *second*, because the verdict of the jury is not supported by the evidence; *third*, the punishment is excessive.

With regard to the error complained of, that the court erred in not charging the law of manslaughter, we deem it sufficient to say that, from the evidence as set out in the statement of facts, there was no testimony warranting a charge on the subject of manslaughter; there was no evidence that the life of the deceased was taken under circumstances such as would reduce the homicide to that grade of killing, or to any grade lower than murder in the second degree, as to which the jury were instructed.  The rule of law is well settled that it is the duty of the judge to instruct the jury as to the law applicable to every legitimate view they might take of the testimony adduced on the trial; and this, we are of opinion, was done by the charge of the court in the present case.

The second error assigned relates mainly to the sufficiency of the evidence to support the verdict and judgment for murder in the first degree, and that the punishment is excessive.  It was proved on the trial that the deceased and three others were engaged in a game of cards, when the defendant came up and interfered with and broke up the game.  At this time the defendant was armed with a pis-

tol; the deceased, who was unarmed, tried to get a pistol from a by-stander, but did not succeed. A witness states that the game was broken up and the crowd dispersed. The defendant and one Smith started off together; the deceased and others followed on, and then, the witness says, the defendant told the deceased not to come any further; told him so three times, and then he wheeled around and levelled his pistol on the deceased and shot him. The ball entered his forehead, and he fell; lived until the next evening, and never spoke after he was shot. The deceased was an old man.

Another witness, when speaking as to the game of cards, says the defendant and another came up, and the defendant interfered in the game and cursed the deceased. An angry altercation seems to have ensued, the defendant being armed with a pistol, and the deceased endeavoring to get a pistol, but failing; when, this witness says, he took the deceased off and pacified him. He said he was satisfied, and the witness turned him loose. The defendant and his comrade had then started off; the deceased, witness, and others also started home, went around the house toward the road, and following on after the defendant, but the witness says the deceased was not going directly towards the defendant, but quartering from him in the direction of his route. The deceased said to the defendant, " My son, I would not have thought you would have abused an old man as you did me." The defendant then began cursing, and deceased advanced towards him; the defendant said, " Don't you come any further," and repeated it several times. Defendant then drew his pistol and presented it at deceased, and fired; struck deceased in the forehead, and he fell, and never spoke. The witnesses all agree that the deceased was unarmed during the entire time from the first interruption until the fatal shot was fired, and that throughout the defendant seemed to be at fault and the aggressor.

Under the circumstances, we are of the opinion the con-

duct of the defendant manifested such a violent and malignant disposition as to require the judge to submit to the jury the issue of murder in the first degree. *Duebbe* v. *The State*, 1 Texas Ct. App. 159, and authorities there cited. And the jury having found the facts sufficient to warrant a conviction of that degree of murder, we cannot say that the testimony does not sustain the verdict as a killing on express malice, and murder in the first degree, or that the verdict of the jury is not supported by the testimony. As to the complaint that the punishment is excessive, we deem it only necessary to say that the punishment for murder in the first degree is fixed by law, and with the amount of the punishment the courts have no concern.

The appellant, so far as we are able to determine from the record and briefs, has been tried on a valid indictment, under appropriate instructions from the court to the jury, which presented the law substantially of the case as proved on the trial, and that the testimony is sufficient to support the verdict and judgment; and finding no material error in the proceedings, the judgment of the District Court is affirmed.

*Affirmed.*